IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Lorenzen, #278874, )<br>                                    )<br>              Petitioner, )<br>                                    )<br>vs. )<br>                                    )<br>Warden Padulah, )<br>                                    )<br>              Respondent. )<br>_____) | C/A No. 0:08-00905-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 16). The petitioner, Larry Lorenzen ("Lorenzen"), a state prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 18, 2008, the respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). By order filed June 19, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 17.) Lorenzen filed a response in opposition to respondent's motion on July 14, 2008. (Docket Entry 19.) This motion is now before the court for a Report and Recommendation.

## BACKGROUND

Lorenzen was indicted in February 2001 in Aiken County for criminal sexual conduct with a minor-first degree ("CSC 1st") (01-GS-02-117), criminal sexual conduct with a minor-second degree ("CSC 2nd") (01-GS-02-118), and lewd act upon a child (01-GS-02-119). (See PCR[1] R. on App. at 236-243, Docket Entry 15-8 at 78-82 and Docket Entry 15-9 at 1-3.) Lorenzen was

---

[1] Post-Conviction Relief.

represented by Kelly Brown, Esquire, and from October 8-10, 2001, was tried by a jury and found guilty of CSC 1st and CSC 2nd.[2] (PCR R. on App. at 242-243, Docket Entry 15-9 at 2-3.) The circuit court sentenced Lorenzen to life in prison without the possibility of parole on both charges pursuant to S.C. Code Ann. § 17-25-45. (Id.)

Trial counsel timely filed a direct appeal. On appeal, Lorenzen was represented by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate Defense. On November 18, 2001, Clare filed an Anders[3] brief and a petition to be relieved as counsel, in which she raised the following issue:

> Did the lower court err by excluding evidence that the alleged victim had accused a third party of molestation?

(PCR R. on App. at 254, Docket Entry 15-9 at 9.) The South Carolina Court of Appeals dismissed the appeal after Anders review. State v. Lorenzen, Unpub. Op. No. 2003-UP-436 (S.C. Ct. App. June 25, 2003); (see also PCR R. on App. at 261, Docket Entry 15-9 at 16). The remittitur was issued on July 28, 2003. (PCR R. on App. at 260, Docket Entry 15-9 at 15.)

On February 19, 2004, Lorenzen filed an application for post-conviction relief ("PCR"). (See Lorenzen v. State of South Carolina, 04-CP-02-239, PCR R. on App. at 262, Docket Entry 15-9 at 17.) Lorenzen raised the following issues in his application:

1.   Ineffective Trial Counsel, Appeal Counsel, PCR Counsel[; and]

---

[2]The trial judge granted defense counsel's motion for a new trial on indictment 01-GS-02-119, lewd act upon a child, because the State failed to show evidence that Lorenzen was older that fourteen when the act occurred. Lorenzen v. State, 657 S.E.2d 771 (S.C. 2008).

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

    2.    Violation of Fifth, Sixth, and Fourteenth Amendments of U.S. Constitution and S.C. Constitution.

(PCR R. on App. at 264, Docket Entry 15-9 at 19). The State filed a Return on July 9, 2004. (PCR R. on App. at 269, Docket Entry 15-9 at 24.)

On February 8, 2005, the PCR court held an evidentiary hearing at which Lorenzen was represented by P. Andrew Anderson, Esquire. (PCR R. on App. at 273, Docket Entry 15-9 at 28.) At the start of the hearing, Lorenzen's counsel notified the court that Lorenzen wished to amend his PCR application. The State objected to the amendment and the court denied the motion to amend. (PCR R. on App. at 275, Docket Entry 15-9 at 30.) At the hearing, Lorenzen's counsel asserted the following allegations: (1) trial counsel was ineffective because she did not retain expert witnesses on several issues including whether Lorenzen was a sexual predator, the lack of physical evidence presented, and a psychological evaluation of the victim; (2) trial counsel was ineffective for failing to cross-examine the victim about the fact that the victim's father was on the sexual offender registry. (PCR R. on App. at 277-278, Docket Entry 15-9 at 32-33.) The PCR judge granted Lorenzen's PCR application by order filed May 11, 2005, stating that "trial counsel was ineffective for failing to prepare and present Applicant's case as required under the Sixth Amendment." (PCR R. on App. at 335-42, Docket Entry 15-10 at 20-27.)

The State timely filed a Notice of Appeal with the South Carolina Supreme Court. On December 28, 2005, the State filed a Petition for Writ of Certiorari pursuant to SCACR Rule 227 in which it presented the following questions:

    1.    Did the Post-Conviction Relief Court err in finding that trial counsel was ineffective for failing to call expert witnesses during Respondent's trial?

    2.    Did the Post-Conviction Relief Court err in finding that trial counsel was ineffective for failing to raise the fact that the victim's father was on the sex offender registry?

3. Did the Post-Conviction Relief Court err in finding that trial counsel was ineffective for failing to get a polygraph examination of Respondent?

4. Did the Post-Conviction Relief Court err in finding that trial counsel was ineffective for failing to obtain the victim's records from the sex abuse counselor and victim's records from the Department of Juvenile Justice and Department of Social Services?

5. Did the Post-Conviction Relief Court err in finding that trial counsel was ineffective for failing to meet with the victim in this case prior to trial?

(Docket Entry 15-3 at 4.) The South Carolina Supreme Court granted the State's petition for certiorari to review the PCR judge's decision and ordered briefing of the issues. By order dated February 11, 2008, the South Carolina Supreme Court reversed the PCR judge's order granting post-conviction relief. Lorenzen v. State, 657 S.E.2d 771 (S.C. 2008); (Docket Entry 15-4). The remittitur was issued on February 27, 2008.

In Lorenzen's petition for a writ of habeas corpus,[4] he raises the following claims:

**1. Ineffective Assistance of Counsel**—Lorenzen alleges that counsel failed to subject the prosecution's case to a meaningful adversarial testing.

**2. Court Lacked Jurisdiction/Due Process Violation**—Lorenzen alleges that the warrants are not signed by the affiant, Lt. Anderson and his due process rights were violated when Lt. Anderson did not appear or testify at the preliminary hearing.

**3. Brady Violation**—Lorenzen alleges that the State did not comply with his Brady motion, contending that the State withheld exculpatory evidence that the victim's behavior could have been attributed to her father who was a registered sex offender. Lorenzen asserts that this evidence could have exonerated him.

---

[4] In support of his claims, Lorenzen references "Attachment A" and "Attachment B," which he asserts are the PCR judge's order and the PCR Amended Application, respectively. According to the U.S. District Court's Official Court Electronic Document Filing System, Lorenzen did not file any attachments with his habeas petition. (Docket Entry 1.) However, the PCR Record on Appeal submitted by the respondent does contain the PCR judge's order.

> 4. **Ineffective Assistance of PCR Counsel**—Lorenzen alleges that his PCR counsel did not actively pursue all available grounds for relief, specifically the jurisdiction issue, the warrant issue, the bolstering issue, and the preliminary hearing issue.

(See Petition, Docket Entry 1.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review**

   **1.     Generally**

Lorenzen's petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   **2.     Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly

presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Respondent's Motion for Summary Judgment**

**1.     Ground One**

Lorenzen's first ground for relief is "Ineffective Assistance of Counsel." Specifically, Lorenzen alleges that his trial counsel failed to subject the prosecution's case to a meaningful adversarial testing. This issue was raised to and ruled upon by the PCR court and on appeal to the South Carolina Supreme Court. Therefore, this claim is properly exhausted.

The PCR court found that trial counsel was ineffective because she failed to: (1) retain or even consult with an expert witness; (2) conduct an investigation to determine whether another individual, particularly the victim's father who was listed on the sexual offender registry, could have been responsible for sexually abusing the victim; (3) have Lorenzen submit to a polygraph examination in order to assist in the defense; (4) obtain the minor victim's records from the sexual abuse counselor, the Department of Juvenile Justice, and the Department of Social Services; and (5) meet with the minor child prior to trial. (PCR R. on App. at 335-42, Docket Entry 15-8 at 20-27.) The South Carolina Supreme Court rejected this determination and reversed the PCR judge.

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel,

Lorenzen must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in her representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Lorenzen must show that trial counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Lorenzen "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

For the reasons discussed below, Lorenzen has not presented any evidence, much less clear and convincing evidence, to rebut the fact that in § 2254 proceedings, state court factual determinations are presumed to be correct. See 28 U.S.C. § 2254(e)(1). Thus, Lorenzen has not demonstrated that he was prejudiced as a result of his counsel's alleged deficiencies and, therefore, he cannot satisfied the second prong of Strickland. Moreover, although he contends that she failed to subject the prosecution's case to a meaningful adversarial testing, the South Carolina Supreme Court found otherwise. Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4). This determination is

entitled to considerable deference. Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)).

      **a.**     **Expert Witnesses**

At the PCR hearing, Lorenzen asserted that counsel should have consulted with and called experts to address the following areas: (1) exploring the lack of physical evidence; (2) exploring the victim's behavior and determine whether it was consistent with sexual abuse, or not, or consistent with some other problem; (3) exploring whether Lorenzen was a sex offender or pedophile; and (4) challenging the testimony of Dr. Jordan, the victim's sexual abuse counselor. In reversing the PCR court's ruling, the South Carolina Supreme Court found that:

> Lorenzen failed to present evidence that would show a reasonable probability that, but for counsel's failure to call expert witnesses, the result of his trial would have been different. . . . [C]ounsel's failure to procure expert witnesses did not render her representation deficient given she vigorously cross-examined the State's witnesses and attacked the accuracy of the evidence.

Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4). Lorenzen did not call any witnesses to testify at the PCR hearing other than himself and trial counsel; as such, the court determined that it was speculative that an allegedly favorable expert witness would have aided his defense. Therefore, the court concluded that the failure to call expert witnesses did not constitute ineffective assistance of counsel.

"In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough, 520 F.3d at 335 (citing 28 U.S.C. § 2254(d), (e)). Moreover, Lorenzen has the burden of rebutting by clear and convincing evidence the presumption that state court factual determinations are correct. 28 U.S.C. § 2254(e). In response to the respondent's motion for summary judgment, Lorenzen asserts that since his counsel was an expert in law and not the "fields of emergency medicine, Director of Childrens['] Center, [and] Trauma Counseling" she was not qualified to cross-examine the State's

experts and, therefore, she was ineffective. (Docket Entry 19 at 7.) Essentially, Lorenzen argues that his attorney could not effectively cross-examine adverse witnesses because she was not an expert in their field. Such a notion is belied by common sense and the nature of our adversarial justice system generally; moreover, the South Carolina Supreme Court expressly found that Lorenzen's counsel's cross-examination was, in fact, vigorous. Further, as required under the second prong of Strickland, Lorenzen has not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if experts had been consulted and called in these areas. Strickland, 466 U.S. at 694. Lorenzen has not shown that the South Carolina Supreme Court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams v. Taylor, 529 U.S. at 410.

**b.     Investigation**

At the PCR hearing, Lorenzen asserted that trial counsel should have investigated whether another individual could have committed this crime and introduced evidence at the hearing that the victim's father was listed on the sexual offender registry. In reversing the PCR court's ruling on this ground, the South Carolina Supreme Court found that the fact that the victim's father was on the sexual offender registry would not have been admissible at trial under the third-party guilt standard. Specifically, the Court found:

> Significantly, the victim's father was listed on the registry for committing the crime of assault with intent to commit criminal sexual conduct in the first degree which would have involved an adult victim whereas Lorenzen was charged with criminal sexual conduct with a minor. Lorenzen's counsel at the PCR hearing acknowledged there was nothing on the registry to indicate the victim's father committed a crime against a child. Furthermore, Lorenzen's allegation that the victim's father may have been the perpetrator was so nebulous that it would have had no other effect than to "cast a bare suspicion." Therefore, we do not believe these facts would be inconsistent with Lorenzen's guilt or raise a reasonable inference of his innocence.

Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4). Further, at the PCR hearing, trial counsel testified that she attempted to introduce testimony that the victim claimed to have been assaulted by someone



in Texas and the trial judge would not allow that testimony. (PCR R. on App. 323-24, Docket Entry 15-8 at 8-9.) Lorenzen has not presented any evidence or even alleged that had trial counsel had information that the victim's father was on the sexual offender registry at the trial it would have been admissible. He merely conclusorily states that his trial counsel could not have adequately advised him without accurate information from an investigation. There is no indication that if this evidence were discovered and admitted at trial that a reasonable probability existed that the result of the proceeding would have been different, as required under the second prong of Strickland. Strickland, 466 U.S. at 694. Lorenzen has not shown that the South Carolina Supreme Court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams v. Taylor, 529 U.S. at 410.

  c.   **Polygraph Examination**

The PCR judge found that trial counsel should have had Lorenzen submit to a polygraph examination. In reversing the PCR court's ruling on this ground, the South Carolina Supreme Court noted that this issue was not presented at the PCR hearing and that the PCR judge raised this issue *sua sponte*. The court determined that not only was this type of evidence rarely admitted but that "it was mere speculation on the part of the PCR judge to find the admission of a favorable polygraph examination would have aided Lorenzen's defense." Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4). Lorenzen has not presented any argument or evidence that the state court determination was in error or that he was prejudiced in any way by not having a polygraph examination. 28 U.S.C. § 2254(e); Strickland, 466 U.S. at 694.

  d.   **Victim's Records**

At the PCR hearing, Lorenzen further asserted that trial counsel should have obtained the victim's records from Dr. Jordan, the sexual abuse counselor; the Department of Juvenile Justice ("DJJ"); and the Department of Social Services ("DSS"). In reversing the PCR court's ruling on this



ground, the South Carolina Supreme Court found that there was no evidence to support this claim. The court noted that trial counsel testified that she received extensive records from Dr. Jordan's visits, the victim's physical exams, the victim's prior commitments, and she believed she had the victim's DJJ records as well. Further, the court found that Lorenzen "failed to show that counsel's review of additional records would have been beneficial to his defense" and his "claim that the records would have changed the result of his trial was speculative at best given he did not present evidence that other records existed or that the records reviewed by counsel included exculpatory evidence." Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4).

Lorenzen asserts that these records would have been "damaging evidence to the prosecution" and appears to argue that the fact that the father was on the sexual offender registry would have been included in the records from DSS. (See Petr.'s Resp., Docket Entry 19 at 2, 5.) Other than the registry record, which was discussed above, Lorenzen has not presented any evidence of what additional records he believes existed or if these additional records would have been helpful to his defense. Accordingly, Lorenzen has not presented any evidence that the state court determination was in error or that he was prejudiced in any way. 28 U.S.C. § 2254(e); Strickland, 466 U.S. at 694.

### e.     Interview of the Victim

The PCR judge found that trial counsel was ineffective for failing to interview the victim prior to the trial. In reversing the PCR court's ruling on this ground, the South Carolina Supreme Court noted that this issue was not specifically raised at the PCR hearing and no evidence was presented that interviewing the victim would have led to a different result at trial. Further, the court discussed the fact that trial counsel cross-examined the victim and thoroughly cross-examined Dr. Jordan. Lorenzen, 657 S.E.2d 771; (Docket Entry 15-4). Lorenzen has not presented any argument or evidence that the state court determination was in error or that he was prejudiced in any way by trial counsel not interviewing the victim. 28 U.S.C. § 2254(e); Strickland, 466 U.S. at 694. To the

extent that this issue is included in Lorenzen's general assertion that trial counsel could not have adequately advised him without accurate information from an investigation, there is no indication that any information discovered by interviewing the victim would have aided his defense.

For the reasons discussed above, Lorenzen's first ground for relief does not warrant habeas corpus relief.

### 2. Ground Two

Lorenzen's second ground for relief is "Court Lacked Jurisdiction/Due Process Violation." These issues were not raised in Lorenzen's direct appeal, at his PCR hearing, or in his PCR appeal. In support of this claim, Lorenzen references a "PCR Amended Application" in his petition. Based on the record, it appears that Lorenzen moved to submit an amended PCR application at the beginning of his PCR hearing. The PCR judge denied this motion and Lorenzen did not cross-appeal the denial to South Carolina Supreme Court. Therefore, Lorenzen has not properly exhausted this claim and has not demonstrated sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider this claim. See Coleman, 501 U.S. at 750. Accordingly, Lorenzen's second ground for relief does not warrant habeas corpus relief.

### 3. Ground Three

Lorenzen's third ground for relief is "Brady Violation." Similar to Lorenzen's second ground for relief, this issue was not raised in Lorenzen's direct appeal, at his PCR hearing, or in his PCR appeal. Therefore, Lorenzen has not properly exhausted this claim and has not demonstrated sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750. Accordingly, Lorenzen's third ground for relief does not warrant habeas corpus relief.

**4.     Ground Four**

Lorenzen's fourth ground for relief is "Ineffective Assistance of PCR counsel." Section 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." Moreover, Lorenzen has no constitutional right to counsel in state habeas proceedings. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (noting that there is "no right to effective assistance of counsel in . . . state habeas proceedings"); see also Barraza v. Cockrell, 330 F.3d 349, 352 (5th Cir. 2003) (stating that "there is no constitutional right to competent habeas counsel"). Therefore, Lorenzen's fourth ground for relief does not warrant habeas corpus relief.

## RECOMMENDATION

Lorenzen has not demonstrated that his trial counsel was deficient in her representation. Nor has he shown, even if she was deficient, that he was prejudiced as a result. See Strickland, 466 U.S. at 694. Any contention that the result of his criminal trial would have been different if trial counsel had taken the steps he advances in this petition is merely speculative. See id. He has not presented any argument or evidence to overcome the deference owed to the South Carolina Supreme Court's judgment in this matter. See Yarbrough, 520 F.3d at 335 (citing 28 U.S.C. § 2254(d), (e)). Furthermore, Lorenzen's remaining grounds are barred under §§ 2254(b) and 2254(i). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 16) be granted.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 22, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).