IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Larry Lorenzen, #278874, | ) | C.A. No. 0:08-0905-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Padulah, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1.) The respondent filed a return and motion for summary judgment on June 18, 2008. (Docs. # 15 & 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed June 19, 2008 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 17.) Petitioner filed a response to respondent's motion on July 14, 2008. (Doc. # 19.)

On February 23, 2009, pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), United States Magistrate Judge Paige Jones Gossett filed a Report and Recommendation (the "Report") on respondent's motion for summary judgment. (Doc. # 27.) Therein Judge Gossett recommended that respondent's motion for summary judgment be granted. Id. On March 10, 2009, petitioner filed objections to the Report. (Doc. # 30.) On the same day, petitioner filed a motion to stay his habeas petition, stating that he "has been made aware that several issues are not exhausted in the State court." (Doc. # 29.) The Court reviews the Report, the petitioner's objections, and the

1

petitioner's request for a stay of proceedings.

**I.    Petitioner's Motion to Stay/Toll Proceedings.**

First, the Court reviews the petitioner's motion to stay. In his motion, petitioner "requests a toll to exhaust the state claims." (Doc. # 29.) Pursuant to the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), this Court has the authority to issue stays in federal habeas matters "where such a stay would be a proper exercise of discretion." Id. at 276. The Rhines Court found that the exercise of such discretion was proper in certain instances where a petitioner had filed a "mixed" petition. See generally id. A mixed petition is one in which the petitioner has both claims that were properly exhausted before the state courts and claims that are unexhausted. Id. at 272-73.

Prior its decision in Rhines, the Supreme Court held in Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982), "that federal courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines, 544 U.S. at 273. In the interests of comity and federalism, the Lundy Court directed the district courts follow the doctrine of "total exhaustion," which required mixed petitions to be dismissed without prejudice and allowed petitioners to return to state court to present their unexhausted claims. Rhines, 544 U.S. at 273-74.

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") lead the Supreme Court to modify the application of total exhaustion as set forth in Lundy. The AEDPA imposed a 1-year statute of limitation on the filing of federal habeas petitions under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.") Although this limitations period is tolled during the pendency of a State PCR or collateral review, the filing of a federal habeas petition may not toll the statute of limitations. Rhines, 544 U.S. at 274-75; 28 U.S.C.

§ 2244(d)(2). Therefore, the enforcement of this limitations period can create a situation, as was the case in Rhines, where a mixed petition is timely filed in federal court and the result of dismissing the federal habeas petition may result in barring the petitioner from returning to federal court after exhausting the previously unexhausted claims in state court. Id. at 275. To resolve this matter, while preserving AEDPA's twin objectives of reducing delays and respecting the jurisdiction of the state courts, the Rhines Court held that a district court may stay a habeas proceeding "only in limited circumstances." Id. at 277.

To qualify for a stay, the petitioner must demonstrate that "there was good cause for the petitioner's failure to exhaust his claims in state court." Rhines, 544 U.S. 227. Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

For his motion, petitioner has asserted a Rhines type request. (Doc. # 29.) Petitioner states that he "has been made aware that several issues are not exhausted in the state court." Id. The first step in determining whether a stay is appropriate is to determine whether the petitioner has good cause for failing to exhaust his claims. Here the petitioner offers no explanation as to why his claims were not properly exhausted. (Doc. # 29.) While the petitioner does not specifically list these claims, he identifies them as "claims [] presented to the PCR Court, but the Amended Petition was denied." Id. The petitioner offers no explanation as to why he failed to seek review of this denial, and the record reflects no appeal by the petitioner of this decision. (Doc. # 15.) Having known of the existence of these claims, and having failed to follow the appellate process to exhaust them, the petitioner cannot now assert "good cause" in the request for a stay. See Kirby v. S.C. Department of Corrections, C.A. No. 3:08-1061, 2008 WL 4809439, *2 (D.S.C. November 3, 2008) (applying

3

Rhines and holding that good cause did not exist when petitioner "failed to follow through with the appellate process to exhaust his claim.")

In addition to his failure to show good cause, the petitioner also fails the second prong of the Rhines test, as his claims are without merit. As noted above, the petitioner has identified his unexhausted claims as those presented to and rejected by the PCR court in his amended PCR application. (Doc. # 29.) While the PCR judge denied the petitioner's amendment, he apparently did allow the petitioner to read his proposed amendments into the record and proffer some evidence and argument in support of these claims. (Doc. # 15, Ex. 5, PCR Appeal Appendix pp. 295-99.) Petitioner's Amended PCR claims ("Amended Claims") consisted of the following, as he states them:

> 1. I was deprived of my liberty, prejudiced, convicted, and sentenced by South Carolina without due process of law as guaranteed by the 5th and 14th Amendments of the United States in Article 1, Section 3 of the South Carolina Constitution. My convictions lack due process of law.
> ...
> 2. The trial court lacked subject matter jurisdiction. ...The violation of 5th Amendment right to the United States Constitution and Article 1, Section 3 of the South Carolina Constitution that only upon charges brought by a grand jury and the indictments ... was prepared by the prosecutor to the grand jury and there was ... no kind of official grand jury stamps on it.
> ...
> 3. Trial counsel failed to articulate 4th Amendment claim, illegal search and seizure... and failed a motion to suppress evidence.
> ...
> 4. Failure of this Court to consider these claims and enter into the records were the result of fundamental miscarriage of justice.

Id. The PCR judge described the petitioner's Amended Claims in his PCR Order as follows:

> Applicant also filed an Amended Application at the time of this hearing. Applicant's Amended Application dealt, essentially with the allegation that the trial court lacked subject matter jurisdiction. However, this argument was not actively pursued at the hearing. Furthermore, this Court finds that this allegation is without merit.

(Id. at 335.)  This Court does not have to speculate on how the State PCR court might deal with the petitioner's Amended Claims.  This Court notes that the PCR court has already indicated that such claims lack merit.

As well, the petitioner's Amended Claims are without merit because this Court concludes they would be procedurally barred.  Petitioner has not presented this Court with a mixed petition of exhausted and unexhausted claims, but instead what are properly described as exhausted and technically exhausted claims.  An exhausted claim is one which is fairly presented to the state's highest court.  Matthew v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997.)  As noted above, petitioner made no appeal on his Amended Claims.  By failing to appeal this decision, this Court concludes that petitioner's Amended Claims are treated as exhausted because they would be procedurally barred under state law if the petitioner attempted to raise them at this juncture.  Id.   Since the Amended Claims are technically exhausted, they cannot be raised in a federal habeas action. Coleman v. Thompson,  501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1 (1991); Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) (holding that "failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar from further federal review of such claims.") ; McClure v. Ozmint, C.A. No. 2:06-1076, 2007 WL 1656227, *7 (D.S.C. June 5, 2007) (denying petitioner's request to stay his habeas petition because the petitioner failed to appeal his state court habeas petition and his claims were procedurally defaulted.)  Because the petitioner has not presented the Court with, and the record does not contain any justification for the petitioner's

procedural default, the Court finds the petitioner has made no showing that he has unexhausted claims to return to state court to resolve. Coleman, 501 U.S. at 750. Therefore, this Court must deny petitioner's motion for a stay.

## II.     Respondent's Motion for Summary Judgment.

Having denied petitioner's motion to stay, the Court now turns to its review of the magistrate's Report and the petitioner's objections. In doing so, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto.

The petitioner has filed objections to the Report. (Doc. #30.)   This Court has examined the record and finds no error with the magistrate's conclusions addressed by the petitioner's objections.

The Report addresses the petitioner's amended PCR petition in its discussion of the

6

petitioner's grounds 2 & 3: Court Lacked Jurisdiction/Due Process Violation and Brady Violation, respectively. (Doc. # 29.) The Report found that "[t]he PCR judge denied this motion [to amended petitioner's PCR application] and Lorenzen did not cross-appeal the denial to the South Carolina Supreme Court." (Doc. #29.) As the record reflects, the magistrate was correct in finding that the petitioner did not appeal the PCR court's order and therefore has "not properly exhausted" claims 2 & 3 in his petition. (Doc. # 27.) As noted in the analysis above, the petitioner claims are technically exhausted by his failure to appeal the PCR court's order on grounds 2 & 3, therefore he is procedural barred from raising them here. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986).

The Court accepts the Report and overrules the petitioner's objections.

**THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion to stay/toll is **DENIED** (Doc. #29), the Magistrate Judge's Report is **ACCEPTED** (Doc. # 27), petitioner's objections are **OVERRULED** (Doc. # 30), respondent's motion for summary judgment is **GRANTED** (Doc. # 16) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/Terry L. Wooten
United States District Judge

March 20, 2009
Florence, South Carolina